# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| TWYLA MCELREE, Administrator of the Estate of Jonathan Tyler Gossman, et al., <br><br> Plaintiffs, <br> vs. <br><br> CITY OF CEDAR RAPIDS, IOWA, et al., <br><br> Defendants. | No. C17-144-LTS <br><br> **ORDER ON DEFENDANTS' MOTION FOR APPEAL BOND** |

## I. INTRODUCTION

This case is before me on defendants' motion (Doc. No. 127) to set an appeal bond. Plaintiffs have filed a resistance (Doc. No. 128). Defendants filed a reply (Doc. No. 129) and a subsequent motion (Doc. No. 130) to supplement their reply.

## II. BACKGROUND

Plaintiffs commenced this action under 42 U.S.C. § 1983 and Iowa law for alleged constitutional violations committed against Jonathan Gossman. On April 5, 2019, I granted summary judgment in favor of defendants on all nine of plaintiffs' claims. Doc. No. 115. Judgment was entered in favor of defendants and a disputed bill of costs was filed on April 18, 2019. Doc. No. 117. Plaintiffs' also filed a motion to amend judgment on May 3, 2019. Doc. No. 119. On May 23, 2019, I entered an order denying plaintiffs' motion to amend judgment. Doc. No. 121. In the same order, I sustained in part and denied in part plaintiffs' objections to the bill of costs. *Id.* Costs were taxed in favor of the defendants and against the plaintiffs in the total amount of $8,767.12. *Id.* Plaintiffs

filed a notice of appeal on June 20, 2019. Doc. No. 122. Defendants' motion for appeal bond was filed on June 28, 2019.

## III. APPLICABLE STANDARDS

Federal Rule of Appellate Procedure 7 states that "[i]n a civil case, the district court may require an appellant to file a bond or provide other security in any form and amount necessary to ensure payment of costs on appeal." Fed. R. App. P. 7. The Eighth Circuit limits "costs on appeal to costs that a successful appellate litigant can recover pursuant to a specific rule or statute." *In re Target Corp. Customer Data Sec. Breach Litig.*, 847 F.3d 608, 614–15 (8th Cir.) *amended*, 855 F.3d 913 (8th Cir. 2017) (quoting *Tennille v. W. Union Co.*, 774 F.3d 1249, 1254 (10th Cir. 2014)).

The case law from the Eighth Circuit on civil appeal bonds is minimal, but other courts have used four factors to determine whether a Rule 7 bond is necessary. These factors are (1) the appellant's financial ability, (2) the risk of nonpayment if the appeal is unsuccessful, (3) the merits of the appeal and (4) bad faith on the part of the appellants. *In re Uponor, Inc., F1807 Plumbing Fittings Prod. Liab. Litig.*, No. 11-MD-2247 ADM/JJK, 2012 WL 3984542, at *2 (D. Minn. Sept. 11, 2012); *see also Adsani v. Miller*, 139 F.3d 67, 78–79 (2d Cir. 1998) (discussing factors involved such as ability to pay, merits of the appeal and payment risk); *Figure Eight Holdings, LLC v. Dr. Jays, Inc.*, 534 Fed. Appx. 670, 671 (9th Cir. 2013) (listing all factors except for "bad faith"); (*Berry v. Deutsche Bank Trust Co. Americas et al.*, 632 F. Supp. 2d 300, 307 (S.D.N.Y. 2009) (listing all factors).

## IV. DISCUSSION

Defendants request that I set an appeal bond in the amount of $13,000, which includes $3,000 for out-of-pocket expenses in defending the appeal and $10,000 as an estimated attorneys' fees. Doc. No. 127-1 at 8. Plaintiffs argue that defendants are (1)

not entitled to an appeal bond and (2) even if they were, the amount requested is unreasonable. Doc. No. 128-1 at 5–6.

First, I will address defendants' motion to supplement their reply.[1] Defendants provided plaintiffs' designation of appendix filed in the Eighth Circuit and a notice of their election to file a separate appendix. Doc. Nos. 130-1; 130-2. Because these documents were not filed with the Eighth Circuit until after defendants filed their reply, I will grant defendants' motion (Doc. No. 130) to supplement their reply.

### A.  *Imposing an Appeal Bond*

Defendants argue that they are concerned plaintiffs would not pay the costs of appeal if they are unsuccessful because they have not yet paid the costs already taxed to them. Doc. No. 127-1 at 4. Defendants also argue that the merits of plaintiffs' appeal are questionable, and so it is unlikely the plaintiffs would prevail on appeal. *Id.* at 5. Plaintiffs respond that an appeal bond is unreasonable because none of the plaintiffs have the assets to post a bond and requiring a bond would effectively eliminate their right to appeal. Doc. No. 128-1 at 5.

#### 1.  *Financial ability*

The parties dispute whether or not the plaintiffs would be able to afford an appeal bond. While plaintiffs state they do not have any ability to pay a bond, defendants contend that the fact plaintiffs have "been able to finance a lengthy litigation and then has the funds available to appeal the court's dismissal" indicates an ability to post a bond. Doc. No. 129 at 2–3.

Plaintiffs state that the litigation had only been financed by a personal loan to Twyla McElree from her father. Doc. No. 128 at 3. They provide a deposition excerpt

---

[1] Plaintiffs have not filed a resistance to the motion to supplement and the deadline for doing so has passed.

in which Twyla McElree stated that the $10,000 life insurance proceeds she received were not used to finance the litigation. Doc. No. 128 at 8. Instead, she financed the litigation with a $15,000 loan from her father. *Id.* She does not have a promissory note confirming the loan. *Id.* It is unclear how much of the loan went towards the litigation and whether she has the ability to obtain another loan.

McElree has submitted an affidavit in which she states that the Estate of Jonathan Tyler Gossman does not have assets to cover the requested bond, nor does plaintiff Mikaela Gossman or her minor children. *Id.* at 21. A deposition of Mikaela Gossman indicates that as of July 24, 2018, she had not been working since September 2017, but was receiving survivor's benefits. Doc. No. 128 at 25. She stated she was unable to pay for funeral expenses. *Id.* Plaintiffs also submitted a report indicating that the estate has a life insurance policy valued at $14,727.25 and a 2006 Pontiac G6 SE valued at $3,000. *Id.* at 13–14. I find that plaintiffs have not established that they have no financial ability to post an appeal bond in any amount.

### 2. *Risk of nonpayment*

Defendants state that the risk is present because plaintiffs have not paid the costs ordered by the court. Doc. No. 127-1 at 4–5. Plaintiffs respond that there has been no showing they are at risk of not paying costs because defendants have not shown that plaintiffs "would skip this jurisdiction or take some action . . . to hide their assets." Doc. No. 128-1 at 4. On May 23, 2019, I ordered that costs be taxed in favor of defendants and against the plaintiffs in the amount of $8,767.12. Doc. No. 121 at 7. Neither party disputes that these costs have not yet been paid. Defendants state that there have been "repeated requests" for the costs but present no evidence of those requests. Plaintiffs also do not show any evidence of their efforts to secure payment. While the evidence regarding plaintiffs' financial ability to pay indicates some assets, it is not clear how much is actually available to pay costs. Due to the lack of evidence from both parties, I find this factor to be neutral.

### 3. *Merits*

Defendants argue that the merits of the appeal are questionable because plaintiffs are appealing the same issues that have already been decided by this court on summary judgment and on a motion to amend/reconsider. Doc. No. 127-1 at 5. Plaintiffs contend that this factor cannot be evaluated because no final decision has been made on what issues will be appealed or what arguments will be made. Doc. No. 128-1 at 4.

I initially found that defendants were entitled to summary judgment because there was an absence of factual support for plaintiffs' claims. Doc. No. 121 at 1. In their motion to amend, plaintiffs argued that I erred in striking certain portions of plaintiff's appendix and expert opinion and I failed to construe disputed facts in favor of the plaintiffs. *Id.* at 2. I found that both of plaintiffs' arguments merely "rehash[ed] the same arguments previously made and rejected." *Id.* at 3.

"A district court, familiar with the contours of the case appealed, has the discretion to impose a bond which reflects its determination of the likely outcome of the appeal." *Uponor*, 2012 WL 3984542, at *2 (quoting *Adsani*, 139 F.3d at 79). Plaintiffs argued in their resistance to the appeal bond that this court "did not indicate that the original claims were frivolous but rather that the court believed the evidence submitted by the Defendants as more persuasive than the evidence submitted by the Plaintiffs." Doc. No. 128 at 2. This is simply false. What I actually said was there was an absence of factual support for plaintiffs' claims and any disputed facts identified by the plaintiffs were not material to the outcome. Doc. No. 121 at 1, 3. While plaintiffs have not specified the exact issues or claims they will raise on appeal, I find this argument and those the plaintiffs have raised previously indicative of their direction. I believe the plaintiffs are not likely to succeed on appeal, thus this factor weighs in favor of imposing a bond.

### 4. *Bad faith*

Neither party addresses this factor. I therefore consider it to be neutral.

## B. Amount of Appeal Bond

Defendants argue that the appeal bond should be $13,000: $3,000 for costs and $10,000 for attorneys' fees. Doc. No. 127-1 at 8. Defendants contend that attorneys' fees are appropriate because plaintiffs have brought 42 U.S.C. § 1983 claims, which invokes the fee-shifting statue 42 U.S.C. § 1988. *Id.* at 7. They argue that plaintiffs' appeal is "largely frivolous, without foundation, and has no basis in law or fact," which would allow attorneys' fees to be taxed as "costs" under Rule 7. *Id.* at 8.

Plaintiffs first argue that the $3,000 in costs is unreasonable and should be, at most, $750. Doc. No. 128-1 at 6. Second, plaintiffs argue that there is no basis to award attorneys' fees because they do not yet know if they will appeal any of the § 1983 claims and there is no factual basis that they attorneys' fees will amount to $10,000. *Id*.

The Eighth Circuit has not specifically dealt with the issue of anticipated attorney fees in ordering appeal bonds. However, in *Target*, the court relied on cases from two other circuits and referred to their holdings regarding attorneys' fees when deciding that "costs on appeal" are limited to those that can only be recovered pursuant to a specific rule or statute. *See Target*, 847 F.3d at 615 (citing *Azizian v. Federated Dep'. Stores, Inc.*, 499 F.3d 950, 953 (9th Cir. 2007) and *Pedraza v. United Guar. Corp.*, 313 F.3d 1323, 1333 (11th Cir. 2002)). Both the Ninth Circuit and Eleventh Circuit cases held that including attorney fees in a Rule 7 bond is permissible only when those fees are included as a recoverable cost under an applicable fee-shifting statute.

The Eleventh Circuit stated in *Pedraza* that a court may include anticipated attorney fees in a Rule 7 if the underlying statute is 42 U.S.C. § 1988, because that statute allows the court to award "a reasonable attorney's fee *as part of* the costs." 313 F.3d at 1333–35 (emphasis added). In a subsequent case, the Eleventh Circuit held that a plaintiff-appellant in a civil rights case may be required to post a bond that includes the defendant's attorney fees only when the appeal is "likely to be frivolous, unreasonable,

6

or without foundation." *Young v. New Process Steel, LP*, 419 F.3d 1201, 1206-08 (11th Cir. 2005).[2]

Here, plaintiffs have made claims under both federal and Iowa law. Their federal claims are based on 42 U.S.C. § 1988, which states in relevant part that "[i]n any action or proceeding to enforce a provision of sections 1981, 1981a, 1982, 1983, 1985 and 1986 of this title . . . the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs." Plaintiffs argue that they do not know if they will appeal the federal claims that would potentially form the basis for an award of attorney's fees. However, their list of issues on appeal includes my rulings on both federal and Iowa constitutional issues. Doc. No. 129-1 at 1.

In any event, even if I may include anticipated attorney fees as part of the appeal bond, I am not obligated to do so. A bond cannot create an "impermissible barrier to appeal" by being overly burdensome. *Target*, 847 F.3d at 615 (citing *Adsani*, 139 F.3d at 76). Due to the limited evidence regarding the plaintiffs' financial situation, I find it inappropriate to include attorney fees in the appeal bond. As such, the only remaining costs are those out-of-pocket expenses that may be reimbursed if the appeal fails. Defendants estimate that these expenses will be $3,000 due to the number of claims plaintiffs are appealing as well as the anticipated volume of their appendix.[3] Doc. No. 129 at 4; Doc. No. 130. Plaintiffs estimate expenses will be $750 because they have

---

[2] Plaintiffs respond to this argument by stating that "the Eighth Circuit has not adopted the viewpoint that a district court can anticipate the award of attorney fees under FRAP 38. Its position is that there should be no attorney fees awarded." Doc. No. 128-1 at 6. Plaintiffs cite no authority for this assertion. In addition, the Eleventh Circuit in *Young* did not base its decision on Rule 38, but rather on the Supreme Court's holding in *Christiansburg Garment Co. v. Equal Emp't Opportunity Comm'n*, 434 U.S. 412 (1978). *See* 419 F.3d at 1207. Rule 38 does not affect a Rule 7 bond.

[3] Defendants presented an affidavit from attorney Wilford Stone stating that "defendants can reasonably expect to incur approximately $3,000 in appellate direct costs including . . . copy fees, docket fees, and travel expenses." Doc. No. 127-2 at 2. Copy fees alone at the district court were billed at $1,648.97. Doc. No. 117.

7

already paid the docketing fee, there is no transcript and they will designate and supply their own appendix. Doc. No. 128-1 at 6.

Based on my review of the record, I agree with defendants that $3,000 is the appropriate amount to account for costs that may be recoverable on appeal. I will grant defendants' motion for an appeal bond at that amount.

## V. CONCLUSION

For the reasons stated herein:

1. Defendants' motion (Doc. No. 130) to supplement is **granted**.

2. Defendants' motion (Doc. No. 127) to set an appeal bond is **granted** in the amount of $3,000.

**IT IS SO ORDERED.**

**DATED** this 13th day of August, 2019.

_____
Leonard T. Strand, Chief Judge